WAYNE ALAN HANKS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 19683

December 20, 1989                                    784 P.2d 5

Terri Steik Roeser, State Public Defender and Jeffrey M. Evans, Deputy, Carson City, for Appellant.

Brian McKay, Attorney General, Carson City; Noel S. Waters, District Attorney and Allison W. Joffee, Deputy, Carson City, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of conspiracy to possess a controlled substance, a gross misdemeanor. NRS 199.480; NRS 453.336. The district court allowed appellant to elect civil commitment under NRS 458.300, and deferred sentencing appellant. Finally, in connection with the civil commitment, the district court placed appellant on probation.

On September 28, 1988, appellant was charged by information with two felony counts of possessing a controlled substance. Pursuant to plea negotiations, appellant agreed to plead guilty to one count of conspiracy to possess a controlled substance, a gross misdemeanor, in exchange for the district attorney's agreement not to press other charges and to recommend that appellant be allowed to elect treatment as a drug addict pursuant to NRS 458.300. Appellant filed the required notice of election and, on October 18, 1988, pleaded guilty as agreed.

On December 6, 1988, following arguments from counsel, the district court adjudged appellant guilty of the crime of conspiracy to possess a controlled substance. The district court deferred sentencing, and allowed appellant to elect treatment. As conditions of the election, the district court ordered that (1) appellant submit to a warrantless search of his person or property at any time by a probation officer; (2) appellant continue therapy; and (3) appellant have no contact with the other persons who were arrested along with appellant in connection with the charge. The district court indicated that appellant's probation would continue for a period of three years. The district court entered a judgment of conviction memorializing this action on December 8, 1988. This timely appeal followed.

Appellant contends that the district court cannot impose probation on a person who has elected civil commitment under NRS 458.300. Appellant admits that the district court can impose any condition of probation on a civilly committed defendant, but argues that probation itself cannot be imposed. Specifically, appellant does not like being supervised by a probation officer.

Pursuant to NRS 458.300, an alcoholic or drug addict as defined by NRS 458.290 who has been convicted of a crime may

elect treatment before he is sentenced.[1] A judgment of conviction is an absolute prerequisite to such an election. If the defendant successfully completes the treatment to the satisfaction of the district court, the judgment of conviction will be set aside. NRS 458.330(1).

NRS 458.320(3)(a) provides, however, that if the district court determines that a defendant should be allowed to elect treatment, the district court may "[i]mpose any conditions to the election of treatment that could be imposed as conditions of probation. . . ." Thus, the district court acted as directed by statute when it entered a judgment of conviction against appellant, deferred sentencing to allow appellant to obtain treatment, and placed appellant on probation. Appellant's contention that the Department of Parole and Probation cannot be required to supervise a civilly committed defendant pursuant to a lawfully imposed probation is entirely without merit. Accordingly, we affirm the judgment of the district court.

---

[1]NRS 458.300 (emphasis added) provides in part:

Subject to the provisions of NRS 458.290 to 458.350, inclusive, an alcoholic or drug addict *who has been convicted of a crime* is eligible to elect treatment under the supervision of a state-approved facility for the treatment of abuse of alcohol or drugs *before he is sentenced* unless . . . (a list of exceptions not relevant to this case follows).